## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| **PROGRESSIVE WASTE SOLUTIONS** | * | |
| **OF LA, INC.** | * | |
|  | * | **CIVIL ACTION NO.:** |
| Plaintiff | * | |
|  | * | **JUDGE:** |
| vs. | * | |
|  | * | **MAG. JUDGE :** |
| **ST. BERNARD PARISH** | * | |
| **GOVERNMENT** | * | |
| Defendant | * | |
|  | * | |
|  | * | |

## COMPLAINT

The Complaint of Progressive Waste Solutions of LA, Inc. ("PWS"), respectfully represents as follows:

### PARTIES

1.

Plaintiff, PWS, is a Delaware corporation that is authorized to and is conducting business in the State of Louisiana, which has its principal place of business in The Woodlands, Texas.

2.

Defendant, St. Bernard Parish Government ("St. Bernard") is a political subdivision of the State of Louisiana.

### JURISDICTION AND VENUE

3.

This Court has original jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §1332, for the reason that diversity of citizenship exists between Plaintiff, a citizen of the

State of Delaware and the State of Texas, and Defendant, a citizen of the State of Louisiana, and the amount in controversy exceeds the sum of Seventy-Five Thousand and 0/100 Dollars ($75,000), exclusive of interest and costs.

4.

Pursuant to 28 U.S.C. §1332(c)(1), PWS, a corporation, is deemed to be a citizen of the State of Delaware, the state by which it has been incorporated, and the State of Texas, where it has its principal place of business.

5.

St. Bernard is a political subdivision of the State of Louisiana and accordingly is a citizen of the State of Louisiana.

6.

Venue is proper in this district pursuant to 28 U.S.C. §1391 (b)(1) and (b)(2).

FACTS AND ALLEGATIONS

7.

In 2006, St. Bernard issued a Request for Proposals for Municipal Solid Waste Removal, Curb Side Pick Up.[1]  SDT Waste & Debris Services, LLC, ("SDT") submitted a proposal and was ultimately awarded the contract for municipal solid waste removal for St. Bernard.[2]   On July 27, 2006, SDT and St. Bernard entered into an Agreement wherein St. Bernard would utilize SDT for Municipal Solid Waste Removal in the Parish.[3] The term of the July 27, 2006 contract was six (6) months with a twelve (12) month option in favor of the contractor.   SDT

---

[1] See Exhibit 1: 2006 Request for Proposals

[2] See Exhibit 2: 2006 Proposal

[3] See Exhibit 3: July 27, 2006 Agreement

subsequently exercised the option on the July 27, 2006 contract, extending it through January 27, 2008.

8.

On or about February 7, 2007, SDT entered into a Time Contract with St. Bernard pursuant to the terms and conditions set forth in the Request for Proposal and the original agreement of July 27, 2006.[4]  The term of the Time Contract was set to commence on January 28, 2008 and terminate on January 27, 2014.  In addition, the Time Contract gave SDT the option to extend the agreement through July 26, 2016 by giving St. Bernard written notice of the exercise of its option at least ninety (90) days prior to the expiration of the term.  Under the Time Contract, SDT would provide both curb side pick-up services and dumpster pick-up services for St. Bernard.  The award of the initial contract, the exercise of the extension and the award of the subsequent Time Contract were all perfected during the tenure of St. Bernard Parish President Henry "Junior" Rodriguez.

9.

In May of 2011, SDT was purchased by IESI LA Corporation through a stock purchase agreement which included the transfer and assignment of all contracts held by SDT, including, without limitation, the July 27, 2006 Agreement and the February 7, 2007 Time Contract.

10.

On December 5, 2011, despite IESI having performed all of its obligations under the Time Contract, St. Bernard posted requests for bids for Municipal Solid Waste Curb Side Pick-Up and Waste Pick-Up from Municipal Solid Waste Dumpsters in St. Bernard Parish, the exact same services being performed by IESI under its valid and enforceable contract with the parish

---

[4] See Exhibit 4: February 7, 2007 Time Contract

which was not set to expire for another two years.  This request for bid proposals was issued during the tenure of St. Bernard Parish President Craig Taffaro, who was apparently unhappy with the terms of the Time Contract negotiated by his predecessor.

11.

On December 8, 2011, IESI filed a Petition for Temporary Restraining Order, Preliminary and Permanent Injunction and Declaratory Judgment in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard.  Subsequently, on December 14, 2011, the TRO was granted and a preliminary injunction issued, enjoining St. Bernard from requesting proposals for bids for solid waste collection.  By order dated December 20, 2011, the court enjoined St. Bernard from entering into any new contract for the services currently being performed by IESI. Thereafter, IESI continued to satisfactorily perform its duties under the Time Contract.

12.

On January 12, 2012, IESI LA Corporation changed its name to Progressive Waste Solutions of LA, Inc., petitioner herein.

13.

In May of 2013, the then current St. Bernard Parish President, David Peralta, caused to be issued two separate Requests for Proposals inviting potential vendors to submit proposals for the same waste collection services being provided by PWS.[5]  These proposals were issued despite PWS continuing to perform its duties under the contract in a satisfactory manner.  Again it must be assumed that the then current parish president was unhappy with the terms and conditions of the Time Contract negotiated by his predecessor(s) as there was no cause for the termination of the contract with PWS, which was valid for another eight (8) months plus the option through

---

[5] See Exhibit 5: 2013 Request for Proposals

July 26, 2016.  In response, PWS filed a Motion for Contempt and a Second Supplemental and Amending Petition for Temporary Restraining Order, Preliminary and Permanent Injunction and Declaratory Judgment in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard on May 20, 2013.

14.

PWS further submitted proposals in response to these RFP's.

15.

Prior to the issues being fully litigated before the court, PWS and St. Bernard mutually agreed to resolve the dispute.  In return for PWS agreeing to reduce its negotiated rates under the February 7, 2007 Time Contract from $20.00 per household per month to $15.50 per household per month, St. Bernard agreed to enter into a new Time Contract with PWS that was to commence retroactive to January 1, 2013 and extend through December 31, 2020.  As part of this compromise, PWS dismissed its lawsuit against St. Bernard.

16.

On July 5, 2013, PWS and St. Bernard entered to a new Time Contract ("the Agreement"), wherein the parties mutually desired to resolve the ongoing dispute between them, and for PWS to continue to provide municipal solid waste removal services in the parish from January 1, 2013 to December 31, 2020, with an option for renewal.[6]

---

[6] See Exhibit 6: Time Contract

17.

On May 19, 2016, St. Bernard Parish President Guy McInnis issued a cancellation letter to PWS in which St. Bernard unilaterally terminated the July 5, 2013 Time Contract.  PWS was given no prior notice of termination and first learned that a new company had been awarded the waste disposal contract through a Facebook post made by one of the St. Bernard Parish Councilmembers.  The effective date of the termination is to be July 6, 2016.[7]

18.

St. Bernard has asserted in its May 19, 2016 termination letter that the Agreement violates St. Bernard Parish Home Rule Charter section 5-06 which provides: "Contracts for services not covered by public bid law shall not be for a period exceeding three years."[8]

19.

Additionally, St. Bernard has asserted in its May 19, 2016 termination letter that PWS has breached the contract by missing residential pickups.[9]

20.

St. Bernard's unilateral termination of the Agreement is improper.

21.

The provisions of St. Bernard Parish Home Rule Charter section 5-06 do not apply to this Agreement.

---

[7] See Exhibit 7: Termination Letter

[8] See Exhibit 7: Termination Letter

[9] See Exhibit 7: Termination Letter

22.

Additionally, St. Bernard does not have the authority to unilaterally terminate the Agreement for a disputed breach, absent sufficient notice and opportunity to cure. Furthermore, there is no evidence of a material breach of contract.

23.

Upon information and belief, St. Bernard has entered into a municipal solid waste disposal contract with Pelican Waste and Debris, LLC, ("Pelican") and the Pelican Agreement is an exclusive franchise as that term is used in La.R.S. 33:4169.1(A)(2) and, pursuant to Louisiana State law, may only be awarded after advertising for bids, reception of bids, and awarding of the contract or contracts in accordance with the public bid laws of the state and other provisions of law.

24.

Upon information and belief, St. Bernard did not advertise for, or receive, bids for the Pelican Agreement or comply with the public bid laws of the State of Louisiana or other provisions of law when awarding the Pelican Agreement.

25.

As a result of St. Bernard's improper termination of the Agreement, PWS has sustained damages in excess of seventy-five thousand dollars ($75,000).

## COUNT ONE: INJUNCTIVE RELIEF

26.

PWS incorporates by reference the allegations contained in paragraphs 1 through 25 above.

27.

St. Bernard has entered into a contract with Pelican which goes into effect on July 6, 2016. The services that Pelican will provide pursuant to such contract are the same or similar services that St. Bernard awarded to PWS under the Agreement.

28.

If St. Bernard is permitted to contract with a competitor for the same work in the same market after unilaterally and improperly terminating the Agreement with PWS, PWS will sustain irreparable harm and injury through its loss of St. Bernard as a customer in the form of lost opportunity, lost profits, future lost profits, lost goodwill, and loss of reputation.

29.

Further, because of St. Bernard's status as a political subdivision and the unique way the contracts such as the Agreement are awarded and funded, PWS will sustain irreparable harm if St. Bernard is permitted to contract and pay Pelican as no funds may be allocated to the payment of both contracts.

30.

There is no other adequate remedy at law to prevent St. Bernard from contracting with and paying Pelican or to prevent the associated losses that will be sustained by PWS as a result. Injunctive relief is necessary to protect the rights of PWS as the rightful holder of the Agreement and as the party entitled to provide the services set out in the Agreement.

31.

There is a substantial likelihood that PWS will prevail on the merits of the case.

32.

There is a substantial likelihood that PWS will suffer irreparable harm if the injunctive relief is not granted.

## COUNT TWO: DECLARATORY JUDGMENT

33.

PWS incorporates by reference the allegations contained in paragraphs 1 through 32 above.

34.

PWS has filed this lawsuit in order to obtain, *inter alia*, a declaratory judgment that the Agreement does not violate St. Bernard Parish Home Rule Charter section 5-06 and that the unilateral termination of the Agreement by St. Bernard constitutes a breach of the Agreement.

## COUNT THREE: BREACH OF CONTRACT

35.

PWS incorporates by reference the allegations contained in paragraphs 1 through 34 above.

36.

St. Bernard's unilateral termination of the Agreement and refusal to honor the Agreement through its entire Term, up to and including December 31, 2020, constitutes a breach of contract.

37.

The Agreement in question memorializes the intent of PWS and St. Bernard to make concessions and settle an ongoing dispute concerning an obligation or other legal relationship and constitutes a "compromise" as that term is used in La. Civ. Code Art. 3071, *et seq.*

9

38.

St. Bernard has identified no errors of fraud or other grounds for the annulment of contracts in the formation of the Agreement and the Agreement may not be rescinded on grounds of error of law or lesion (La. Civ. Code Art. 3082).

39.

St. Bernard is liable to PWS for all damages sustained by PWS as a result of the breach or nonperformance of the Agreement.

**COUNT FOUR: DETRIMENTAL RELIANCE**

40.

PWS incorporates by reference the allegations contained in paragraphs 1 through 39 above.

41.

St. Bernard represented to PWS that it was authorized to enter into the Agreement and that it would honor the Agreement as written.

43.

St. Bernard knew or should have known that its representations about the Agreement as set forth above would induce PWS to rely on those representations to PWS' detriment and that PWS would be reasonable in so relying upon St. Bernard as St. Bernard is a political subdivision of the State of Louisiana which routinely enters into these types of agreements, including agreements that extend beyond a period of three (3) years.

44.

But for St. Bernard's representations set forth above, PWS would not have agreed to sign the Agreement.

45.

PWS, in reliance on St. Bernard's representations that it was authorized to award a new contract and extension, consented to renegotiating its monthly household rates and reduced said rates by almost 25%.   Further, PWS invested substantial capital and devoted substantial resources to satisfying its obligations under the Agreement for the term of the Agreement through December 31, 2020.

46.

St. Bernard has caused PWS to incur substantial damages including but not limited to the fees for services which it would have collected under the remaining term of the Agreement, cost of capital improvements, cost of dedication of resources, and lost opportunities.

**COUNT FIVE: DEPRIVATION OF RIGHTS UNDER COLOR OF LAW**

47.

PWS incorporates by reference the allegations contained in paragraphs 1 through 46 above.

48.

St. Bernard, under color of statute, ordinance, regulation, custom, or usage, has subjected, or caused to be subjected, PWS to the deprivation of the rights, privileges, or immunities secured to PWS by the United States Constitution and the laws of the United States and the State of Louisiana.

49.

PWS and Pelican are similarly situated companies and St. Bernard's decision to terminate the Agreement and enter into the Pelican Agreement has no rational relation to any legitimate government purpose.

50.

St. Bernard has denied to PWS the equal protection of the laws of the United States and the State of Louisiana in violation of the Fourteenth Amendment to the United States Constitution by unilaterally and prematurely terminating a publically-bid and negotiated agreement in violation of the laws of the State of Louisiana.

51.

PWS possesses vested contractual rights in the Agreement and those rights constitute "property" as that term is used in the Fourteenth Amendment to the United States Constitution.

52.

St. Bernard unilaterally terminated the Agreement without giving PWS any notice or opportunity to respond to St. Bernard's intention to deprive PWS of its vested contractual rights in the Agreement.

53.

St. Bernard's decision to terminate the Agreement was arbitrary and capricious and so lacked a basis in fact that it could be said to have been made without professional judgment.

54.

Upon information and belief, St. Bernard has entered into numerous services contracts not covered by public bid law and exceeding a term of three years and has taken no action to dissolve or otherwise invalidate those agreements on the same basis it has sought to terminate the Agreement with PWS under Section 5-06 of its Charter.

55.

PWS is similarly situated to Pelican and St. Bernard selectively treated PWS and Pelican with the intention to discriminate against PWS on the basis of an impermissible consideration to inhibit the exercise of a constitutional right or with a malicious or bad faith intent to injure PWS.

**JURY DEMAND**

56.

PWS is entitled to and prays for trial by jury in this matter.

**PRAYER**

WHEREFORE, PWS prays that its Complaint be entered against St. Bernard, and after due proceedings had, there be judgment in favor of Progressive Waste Solutions of LA, Inc. and against St. Bernard Parish as follows:

A.      Granting a preliminary and permanent injunction prohibiting St. Bernard Parish Government and it's officers, agents, servants, employees, attorneys, successors, assigns and all other in privity, or acting in concert therewith, from contracting with and/or issuing payments pursuant to any contract with Pelican Waste and Debris, LLC, relating to the collection and removal of Municipal Solid Waste in St. Bernard Parish.

B.      Order, adjudge and decree that the July 5, 2013 Agreement does not violate St. Bernard Parish Home Rule Charter section 5-06;

C.      Order, adjudge and decree that the unilateral termination of the July 5, 2013 Agreement by St. Bernard Parish constitutes a breach of the Agreement;

D.      Awarding Progressive Waste Solutions of LA, Inc., lost profits and damages, including cost of capital improvements and dedication of resources;

E.      Awarding Progressive Waste Solutions of LA, Inc., costs and attorneys' fees;

F.    Awarding such other and further relief as the Court may deem just.

Respectfully submitted,

**BLUE WILLIAMS, LLP**

**GUICE A. GIAMBRONE, III, T.A. (#25062)**
JACOB K. BEST (#25933)
CHRISTOPHER M. HATCHER (#32494)
3421 N. Causeway Boulevard, 9th Floor
Metairie, Louisiana 70002
ggiambrone@bluewilliams.com
jbest@bluewilliams.com
chatcher@bluewilliams.com
Telephone (504)-831-4091
Facsimile: (504)-849-3038
*Attorneys for Progressive Waste Solutions of LA, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PROGRESSIVE WASTE SOLUTIONS | * | CIVIL ACTION NO. |
| OF LA, INC. | * | |
| PLAINTIFF, | * | |
| | * | JUDGE |
| V. | * | |
| | * | MAG. JUDGE |
| | * | |
| ST. BERNARD PARISH AND | * | |
| PELICAN WASTE AND DEBRIS, LLC | * | |
| DEFENDANT. | * | |

*************************************

## VERIFICATION

**BEFORE ME**, the undersigned authority, personally came and appeared

**BRUCE EMLEY**

an individually of the full age of majority, and Division Vice President of Progressive Waste

Solutions of LA, Inc., who after being duly sworn, did depose and state that all of the allegations

of the foregoing Complaint are true and correct to the best of his knowledge, information, and

belief, and his duly authorized to act on behalf of Progressive Waste Solutions of LA, Inc.

_____
Bruce Emley
Division Vice President
On behalf of Progressive Waste Solutions of LA, Inc.

State of Nevada, County of Clark

Sworn to and subscribed before me,
This 7th day of June, 2016

_____
Notary Public

CLIFF ANDERSON
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 07-15-18
Certificate No: 10-2948-1