# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PROGRESSIVE WASTE SOLUTIONS OF LA, INC. | CIVIL ACTION |
| V. | NO. 16-8669 |
| ST. BERNARD PARISH GOVERNMENT | SECTION "L" (5) |

## ORDER & REASONS

Before the Court is Plaintiff's motion for summary judgment. R. Doc. 125. Defendant has filed a response in opposition. R. Doc. 164. After hearing oral argument and reviewing the applicable law and parties' briefs, the Court now issues this Order & Reasons.

I.   BACKGROUND

This case arises out of a contract dispute. Plaintiff Progressive Waste Solutions of LA, Inc. ("PWS") is a Delaware corporation that specializes in solid waste removal. R. Doc. 1 at 1–2. In early 2006, St. Bernard Parish Government ("St. Bernard") issued a Request for Proposals for Municipal Solid Waste Removal, Curb Side Pick Up. R. Doc. 1 at 2. SDT Waste & Debris Services, LLC, ("SDT") submitted a proposal, and on July 27, 2006, contractually agreed to provide solid waste removal services to St. Bernard. R. Doc. 1 at 2. On February 7, 2007, SDT entered into a Time Contract with St. Bernard regarding both curb side pick-up services and dumpster pick-up services. The Time Contract was set to commence on January 28, 2008, and terminate on January 27, 2014. R. Doc. 1 at 3. The Time Contract also provided SDT the option to extend the agreement through July 26, 2016. R. Doc. 1 at 3.

In June of 2011, SDT was purchased by IESI LA Corporation, which included the transfer and assignment of the July 27, 2006 Agreement and the February 7, 2007 Time Contract.

1

Despite the purported term of the Time Contract extending to at least January 27, 2014, St. Bernard told IESI that St. Bernard intended to terminate the contractual relationship. On December 5, 2011, St. Bernard sought bids for curb side pick-up services and dumpster pick up services. R. Doc. 1 at 3–4. On December 8, 2011, IESI filed a Petition for Temporary Restraining Order, Preliminary and Permanent Injunction, and Declaratory Judgment in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard. R. Doc. 1 at 4. The state court issued the preliminary injunction on December 14, 2011, and enjoined St. Bernard from requesting proposals for bids for solid waste collection. R. Doc. 1 at 4. One week later, the state court enjoined St. Bernard from entering into any new contract for the services currently being performed by IESI. R. Doc. 1 at 4.

IESI changed its name to Progressive Waste Solutions of LA, Inc. ("PWS") on January 12, 2012. In May of 2013, St. Bernard once again issued Requests for Proposals inviting vendors to submit proposals for the waste collection services provided by PWS. R. Doc. 1 at 4. In response, PWS filed a Motion for Contempt and a Second Supplemental and Amending Petition for Temporary Restraining Order, Preliminary and Permanent Injunction and Declaratory Judgment in state court on May 20, 2013. R. Doc. 1 at 4–5. The parties resolved their differences before the state court could rule. St. Bernard agreed to extend the Time Contract through December 31, 2020. PWS in turn reduced its rates from $20.00 per household per month to $15.50 per household. R. Doc. 1 at 5. Two months later, PWS and St. Bernard entered into a new Time Contract that extended PWS's provision of solid waste services until December 31, 2020.

On May 19, 2016, St. Bernard wrote to PWS stating that they intended to unilaterally terminate the solid waste services contract on July 6, 2016. St. Bernard provided two reasons for the termination: (1) the St. Bernard Home Rule Charter prohibits contracts for services not covered by public bid law exceeding three years; and (2) PWS breached the contract by missing

2

residential pickups. R. Doc. 1 at 6, 1-7. PWS filed suit in response, requesting injunctive relief and a declaratory judgment. R. Doc. 1 at 7–9. PWS also sought damages for breach of contract, detrimental reliance, and deprivation of rights under color of law. R. Doc. 1 at 9–13.

In response, St. Bernard filed five counter claims against PWS. R. Doc. 35. First, St. Bernard alleges a breach of contract claim for overbilling for the quantity of services performed from August 1, 2006 through December 31, 2012. R. Doc. 35 at 8-9. Second, St. Bernard alleges a breach of contract claim for overbilling in pricing from January 20, 2014 to December 31, 2014 and January 21, 2015 and December 31, 2015. R. Doc. 35 at 10. Third, St. Bernard alleges that "PWS breached its obligations under the contract" by failing to collect trash on certain dates and times, and allowing spillage to occur during garbage collection. R. Doc. 35 at 11. Fourth, St. Bernard sought a declaratory judgment that the first and second SDT contracts, as well as the PWS contract were awarded in violation of Louisiana's public bid law. R. Doc. 35 at 12. Finally, St. Bernard sought a declaration that the second SDT contract and PWS contract violated the St. Bernard Charter. R. Doc. 35 at 14. PWS seeks indemnification from the SDT Defendants in relation to the first counterclaim.

Pelican Waste and Debris, LLC ("Pelican"), filed a Motion for Leave to File Intervention on June 16, 2016. R. Doc. 11. The Court granted the Order, finding that Pelican had an interest in the litigation. Specifically, Pelican alleged that it was hired by St. Bernard to replace PWS as the provider of residential waste removal services in St. Bernard Parish, and that its interests will be frustrated and it will be prejudiced if PWS receives its requested relief.

The Court denied the Motion for Preliminary Injunction on Friday, June 24, 2016. On August 9, 2016, the Court issued an Order resolving various motions for summary judgment filed by the parties. The Court found that St. Bernard's contract with PWS was invalid as it violated the terms of the St. Bernard Charter, and its contract with Pelican was invalid because it

3

was reached without following St. Bernard Parish's procedures for public service contracts. *See* R. Doc. 97.

On October 25, 2016, PWS filed a consolidated case against SDT, Inc. and Sidney D. Torres, IV, ("SDT Defendants") seeking a declaratory judgment. No. 16-15830, R. Doc. 1. On October 16, 2017, this consolidated case was severed from the above action. R. Doc. 153. Trial in the instant case, Progressive Waste Solutions of LA, Inc. v. St. Bernard Parish, 16-8669, has been continued without date. R. Doc. 153.

## II. PRESENT MOTION

Plaintiff PWS moves for summary judgment on its claims for detrimental reliance and breach of contract. R. Doc. 125. PWS argues that it has satisfied the summary judgment standard for the elements of detrimental reliance and also proved damages. R. Doc. 125-1. Further, PWS alleges that St. Bernard has not identified any expert witness or provided any evidence to refute PWS's detrimental reliance claim. R. Doc. 125-1 at 6.

St. Bernard responds in opposition to PWS's motion. R. Doc. 164. St. Bernard alleges that there are genuine issues of material fact regarding PWS's detrimental reliance claim. R. Doc. 164. St. Bernard argues that there are questions regarding the reasonableness of PWS's reliance, whether PWS actually relied, and the alleged detrimental change in PWS's position. R. Doc. 164 at 6. Additionally, St. Bernard alleges that there are genuine issues of material fact regarding the amounts owed to PWS. R. Doc. 164 at 8. Specifically, St. Bernard disputes the amount of services provided by PWS, the unit rates for these services, and collection of profit and overhead on the invalid contract. R. Doc. 164 at 8.

## III. LAW & ANALYSIS

### A. Summary Judgment Standard (Fed. R. Civ. P. 56)

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *see also Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

### B. Detrimental Reliance

A cause of action for detrimental reliance originates with the Louisiana Civil Code:

> A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.

La. Civ. Code art. 1967. "Detrimental reliance requires (1) a representation by conduct or word, (2) justifiable reliance on the representation, and (3) a change in position to the plaintiff's detriment as a result of the reliance." *Drs. Bethea, Moustoukas and Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 403 (5th Cir. 2004). "Significantly, to prevail on a detrimental reliance claim, Louisiana Law does not require proof of a formal, valid, and enforceable contract." *Suire v. Lafayette City Parish Consol. Gov't*, 907 So.2d 37, 59 (La. 2005). Indeed, detrimental reliance "usually functions when no written contract or an unenforceable contract exists between the parties." *Drs. Bethea, Moustoukas and Weaver LLC*, 376 F.3d at 403. "Rather, the existence of a promise and a reasonable reliance on that promise to one's detriment are the only requirements." *Percy J. Matherne Contractor, Inc. v. Grinnell Fire Protection Systems Co.*, 915 F. Supp. 818, 824 (M.D. La. 1995).

"It is difficult to recover under the theory of detrimental reliance, because such a claim is not favored in Louisiana." *In re Ark–La–Tex Timber Co., Inc.*, 482 F.3d 319, 334 (5th Cir. 2007). "Detrimental reliance claims must be examined carefully and strictly." *Id.* Detrimental reliance is usually a question of fact. *See Drs. Bethea, Moustoukas and Weaver LLC*, 376 F.3d at 403.

### C. Discussion

The dispositive issues in the present motion are 1) whether it was reasonable for PWS to rely on either or both of the 2007 or 2013 contracts that were invalid under the St. Bernard

Charter and 2) whether PWS suffered any damages. Both of these issues are enshrouded in questions of fact. Furthermore, there is a reasonable dispute as to the factual determination of both issues. Because there are genuine disputes of material fact as to whether PWS's reliance was reasonable and whether it suffered damages, these issues are best put to a jury and summary judgment is not appropriate on this motion.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that PWS's Motion for Summary Judgment, R. Doc. 125, is **DENIED**.

New Orleans, Louisiana, this 21st day of December, 2017.

_____
UNITED STATES DISTRICT JUDGE